## McDANIEL *vs.* THE STATE.

[INDICTMENT AGAINST COUNTY COMMISSIONERS FOR FAILURE TO LEVY TAX.]

1. *Levy of county tax in Cherokee.*—The special act of February 17, 1854, (Session Acts 1853-4, p. 78,) prohibits the commissioners' court of Cherokee county from levying a county tax, for either general or particular purposes, "exceeding fifty per cent. upon the amount of the assessment of State taxes for said county;" consequently, if the highest county tax allowed by this law has been levied, and proves insufficient to pay for the erection of a county jail, after defraying the ordinary expenses of the county, the commissioners are not liable to the penalties prescribed by section 771 of the Code.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case was found under section 771 of the Code, and charged that the defendants, who composed the court of county commissioners of Cherokee, had failed and neglected to discharge their duties as such commissioners, by not levying a county tax for the erection of a county jail; the old jail being, during their term of office, insecure, insufficient in size, and not properly ventilated. On the trial, as appears from the bill of exceptions, it was admitted, that the county jail was, and had been for more than twelve months during the defendants' term of office as county commissioners, insufficient and insecure for the custody of the prisoners confined therein; that the defendants, as such commissioners, had, from time to time, appropriated moneys out of the general county funds for the repair of the jail, but had not levied a special tax for that purpose, nor for the erection of a new jail; and that their reason for not levying such special tax was, that they had already levied an annual tax, for general purposes, of fifty per cent. on the amount of the State assessment, which was not sufficient to defray the ordinary expenses of the county, and supposed that the special act of 1854, entitled "an act to restrict the county court commissioners of Cherokee county in levying county taxes," (Session

Acts 1853–54, p. 78,) prohibited the levy of any other or greater county tax. On these facts, the court charged the jury, "that if they believed the evidence, they must find the defendants guilty, and assess a fine against each of them of not less than fifty dollars;" to which charge the defendants excepted.

S. K. McSPADDEN, for the appellants.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—All assessments of taxes by the court of county commissioners, under section 704 (subdivision 2) of the Code, are county taxes, whether levied for general or particular purposes. The special tax for the purpose of erecting a courthouse and jail, authorized by section 768 of the Code, is but a special county tax. Each of these species of taxes is embraced under the generic term, county taxes. The act approved February 17th, 1854, (Pamphlet Acts, 78,) provided, "that the county court commissioners of Cherokee county must not levy a county tax for said county exceeding fifty per cent. upon the amount of the assessment of State taxes for said county." The statute employs the generic term *county tax,* and includes taxes both for general and particular purposes. It prohibits the assessment of a greater tax than fifty per cent. on the State tax, for any purpose. As this assessment of fifty per cent. was insufficient to pay for the erection of a county jail, it follows, that the members of the court of county commissioners of Cherokee county are not liable to the penalties prescribed by section 771 of the Code.

Judgment of the circuit court reversed, and cause remanded.